STATE OF WEST VIRGINIA

FILED

May 7, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEWART A. GRIMES,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0644** (BOR Appeal No. 2049092)
            (Claim No. 2011040653)

**CITY OF WHEELING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stewart A. Grimes, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Wheeling, by Denise D. Pentino and Aimee M. Stern, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 4, 2014, in which the Board reversed and vacated a December 20, 2013, Order of the Workers' Compensation Office of Judges and reinstated the claims administrator's November 6, 2012, decision granting Mr. Grimes a 0% permanent partial disability award for the cervical spine and a 4% permanent partial disability award for the left shoulder. In its Order, the Office of Judges reversed the claims administrator's November 6, 2012, decision, and granted Mr. Grimes an 8% permanent partial disability award representing 4% for the cervical spine and 4% for the left shoulder. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Grimes, a laborer, was injured in the course of his employment on May 31, 2011, while lifting a heavy truck tailgate. The claim was held compensable for cervical, thoracic, lumbar, and shoulder strains. Joseph Grady, M.D., performed two independent medical evaluations in order to determine the amount of permanent impairment Mr. Grimes suffered as a

result of the injury. On September 22, 2011, Dr. Grady assessed left shoulder strain, rule out internal derangement; cervical strain; and resolved lumbar and thoracic sprain. At that time, Mr. Grimes was still experiencing discomfort in his left shoulder and neck. Dr. Grady found that he had decreased range of motion in the left shoulder and cervical spine and opined that he had not yet reached maximum medical improvement for the left shoulder and cervical spine. Dr. Grady performed a second independent medical evaluation on October 30, 2012. He noted that Mr. Grimes reported pain during cervical range of motion measurements; however, the pain was in the area of the left shoulder and not the neck. Dr. Grady found that he was at maximum medical improvement for the cervical sprain and left shoulder injury. For the cervical spine, Dr. Grady found that Mr. Grimes had no specific ratable criteria under Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). He stated that cervical range of motion measurements were inhibited due to discomfort in the left shoulder and were therefore invalid. He assessed 0% cervical impairment and 6% left shoulder impairment.

The claims administrator granted Mr. Grimes a 0% permanent partial disability award for the cervical spine and a 4% permanent partial disability award for the left shoulder on November 6, 2012, based on Dr. Grady's recommendation. Dr. Grady's finding of 6% impairment for the left shoulder was apportioned for a prior 2% permanent partial disability award. The Office of Judges reversed the claims administrator's decision and granted Mr. Grimes a 4% permanent partial disability award for the left shoulder and a 4% permanent partial disability award for the cervical spine in its December 20, 2013, Order.

The Office of Judges found that the American Medical Association's *Guides*, Table 75, Category II B recommends 4% whole person impairment for the cervical spine for intervertebral discs or other soft tissue lesions that are "[u]noperated on, stable, with medically documented injury, pain, and rigidity associated with *none to minimal* degenerative changes on structural tests, such as those involving roentgenograpy or magnetic resonance imaging." The Office of Judges determined that Mr. Grimes appears to fit that criteria. It concluded that Dr. Grady failed to provide any reasoning as to why he had no specific ratable criteria in Table 75. The Office of Judges found that Mr. Grimes has pain and rigidity associated with none to minimal degenerative changes. It also found that there are no qualifying criteria for the condition listed in Table 75. The Office of Judges concluded that he is not entitled to any impairment for range of motion abnormalities because he did not have a valid range of motion test; however, he is entitled to an impairment rating from Table 75 based upon Dr. Grady's own examination.

The Board of Review reversed and vacated the Office of Judges' Order and reinstated the claims administrator's decision on June 4, 2012. The Board of Review determined that Dr. Grady's report is the only expert opinion of record regarding permanent impairment of the cervical spine and left shoulder. It also determined that there is no physician of record rebutting Dr. Grady's opinion that there was no cervical spine impairment.

On appeal, Mr. Grimes argues that the Board of Review erred in adopting Dr. Grady's opinion solely because his report was the only expert opinion of record. He asserts that the finder of fact and reviewing authority are the proper bodies to determine impairment, not the physician. He argues that the Office of Judges correctly considered the physical findings of record rather

than just the conclusions and percentages recommended. The City of Wheeling asserts that Mr. Grimes failed to submit any medical evidence to contradict Dr. Grady's findings, and he was the only physician of record to provide an impairment rating.

After review, we agree with the reasoning and conclusions of the Board of Review. Dr. Grady is the only physician of record to evaluate Mr. Grimes's cervical and left shoulder impairment, and his report is reliable despite the contrary finding of the Office of Judges. Dr. Grady determined that Mr. Grimes had some pain with cervical range of motion testing; however, he found that the pain originated in the left shoulder. Table 75, Category II A of the American Medical Association's *Guides* provides 0% impairment for intervertebral discs or other soft tissue lesions that are unoperated on with no residual signs or symptoms. Dr. Grady did not rate Mr. Grimes using Table 75 because he found that the cervical strain had resolved, and at the time of the examination, Mr. Grimes reported pain in his left shoulder only. Mr. Grimes had invalid cervical range of motion testing due to pain in the left shoulder. There are no reports of record to contradict Dr. Grady's finding of 0% impairment. The Board of Review correctly found that he was entitled to a 4% permanent partial disability award for the left shoulder and a 0% permanent partial disability award for the cervical spine.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II